IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR SHAWN SHAHEED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-1519 |
| | ) |
| ONIKA TANYA MARAJ PETTY and | ) |
| ISIS NAIJA GASTON, | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM ORDER</u>**

Presently before the Court is *pro se* Plaintiff Omar Shawn Shaheed's Motion to Proceed In Forma Pauperis, (Docket No. 1), along with a proposed Complaint, which was lodged pending disposition of the IFP Motion. (Docket No. 1-4). After reviewing Plaintiff's IFP Motion, the Court finds that he is without sufficient funds to pay the required filing fee. Thus, Plaintiff will be granted leave to proceed in forma pauperis.

Turning to Plaintiff's Complaint, 28 U.S.C. § 1915(e)(2)(B) gives the Court the authority to screen and dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Brown v. Sage*, 941 F.3d 655, 659 (3d Cir. 2019). In analyzing whether a complaint fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court applies the same standard governing motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Heffley v. Steele*, 826 F. App'x 227, 230 (3d Cir. 2020) (citation omitted).

To that end, to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the well-pleaded factual content in the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662,

1

678 (2009), and also "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). When analyzing a motion to dismiss, the factual allegations should be separated from allegations that merely recite the legal elements of the claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The well-pleaded facts are accepted as true, but legal conclusions may be disregarded. *Id.* at 210-11. Next, a determination is made as to "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' " *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). This "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Given that Plaintiff is proceeding *pro se*, the Court liberally construes his Complaint and employs less stringent standards than when judging the work product of an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, there are limits to the Court's procedural flexibility - "pro se litigants still must allege sufficient facts in their complaints to support a claim . . . they cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted).

A review of Plaintiff's Complaint indicates that he purports to assert a copyright infringement claim against Defendants, alleging the following: his poem called Money Sprinters Printers Car Wash is registered with the copyright office; he posted a video of himself reciting the poem on his YouTube channel; he also posted the video on Instagram and tagged one of the Defendants and other artists; his videos have been viewed thousands of times on social media; he does not know who has viewed his videos because he does not have that information; nonetheless, he believes that Defendants saw the video of his poem before writing their song, "Princess Diana," because the phrase "keep it a stack" appears in his poem and it also appears in Defendants' song

seven times.  (Docket No. 1-4 at 1-2).  Because Defendants' song contains the phrase "keep it a stack," Plaintiff alleges that Defendants infringed his copyright on the poem.  (*Id.* at 2).

Plaintiff's allegations in his Complaint are insufficient to plausibly allege a copyright infringement claim.  In order to state a claim for copyright infringement, a plaintiff must allege: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *see also Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002).  "To satisfy that second element, the plaintiff must supply plausible allegations of fact 'showing not only that the defendant had access to a copyrighted work, but also that there are substantial similarities' between the original work and the one purportedly produced via plagiarism." *Frazier v. City of Philadelphia*, 778 F. App'x 156, 158-59 (3d Cir. 2019) (quoting *Dam Things from Denmark, a/k/a Troll Co. ApS v. Russ Berrie & Co., Inc.*, 290 F.3d 548, 561 (3d Cir. 2002)).

Applying the liberal construction afforded to *pro se* litigants, the allegations in Plaintiff's Complaint do not plausibly allege a copyright infringement claim.  Even assuming that Plaintiff has a registered copyright for the poem called Money Sprinters Printers Car Wash, he has failed to allege the second element of a copyright infringement claim.  To that end, his Complaint does not contain plausible allegations showing that Defendants had access to his copyrighted poem and that there are substantial similarities between his poem and their song. While Plaintiff states that he does not know if Defendants saw a video of him reciting his poem, he nonetheless alleges that they must have copied the phrase "keep it a stack" because that phrase appears in his poem and Defendants' song.  To reiterate, such a threadbare recitation of the elements of a copyright infringement claim will not suffice; rather, the allegations must set forth facts and they must be

plausible. Overall, Plaintiff's Complaint does not allege facts sufficient to show that he has a plausible copyright infringement claim.

Consequently, Plaintiff's purported copyright infringement claim is deficient, and the Court concludes that it would be futile to allow amendment. It is well established that "[a] District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002). The futility of amendment is shown by Plaintiff's repeated prior attempts to pursue a copyright infringement claim against the same Defendants in Civil Action Nos. 23-808 and 23-1120. In those cases, the Court found that Plaintiff failed to plausibly allege a copyright infringement claim and dismissed his Complaint without prejudice to amendment to the extent he could state a plausible claim for relief. In each case, Plaintiff subsequently filed an Amended Complaint which still failed to plausibly allege a copyright infringement claim, and the Court concluded that it would be futile to allow another amendment. Consequently, the Court dismissed Plaintiff's Amended Complaint with prejudice and closed the cases at Civil Action Nos. 23-808 and 23-1120. Plaintiff then sought yet another bite at the apple by attempting to re-assert a copyright infringement claim in this case against the same Defendants, but he still has failed to plausibly allege any such claim. Under these circumstances, affording Plaintiff another opportunity to amend would be futile.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 30th day of September, 2024, IT IS HEREBY ORDERED as follows:

(1) Plaintiff's Motion for Leave to Proceed In Forma Pauperis, (Docket No. 1), is GRANTED;

(2) Plaintiff's Complaint, (Docket No. 1-4), is DISMISSED WITH PREJUDICE;[1] and,

(3) The Clerk of Court shall mark this case closed.

                                                                                   *s/ W. Scott Hardy*
                                                                                   W. Scott Hardy
                                                                                   United States District Judge

cc:          Omar Shawn Shaheed (via U.S. mail)
              620 Sixth Street, Apt. 1003
              Braddock, PA 15104

---

[1] In light of this ruling, Plaintiff's Motion for Service by U.S. Marshal, (Docket No. 3), is DENIED AS MOOT.